IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SADE PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-234 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | Judge: Hon. Robert W. Gettleman |
| a municipal corporation, | ) | |
| RICHARD C. CARO, Star No. 5365, | ) | Magistrate: Hon. Susan Cox |
| BENJAMIN GARCIA, Star No. 13284, | ) | |
| City of Chicago police officers, | ) | |
| | ) | |
| Defendants. | ) | |

# FIRST AMENDED COMPLAINT

Jurisdiction/Venue

1. This incident occurred on or about July 17, 2015 in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

Parties

4. The Plaintiff, Sade Porter, a female, is a resident of Cook County, Illinois, located in the Northern District of Illinois.

5. The Plaintiff identifies as a lesbian.

6. Defendant City of Chicago is a municipal corporation and, at all times relevant to this Complaint, it was the principal employer of the Defendant Richard C. Caro, Star No. 5365, ("Defendant Caro") and Defendant Benjamin Garcia, Star No.13284, ("Defendant Garcia"), both males, who were acting under color of law and in the scope of their employment with Defendant City of Chicago as duly sworn police officers. These two officers are collectively known as "Defendant Officers" in this complaint.

Facts

7. On or about July 17, 2015, the Plaintiff was walking down Homan Avenue with her then-girlfriend, Portrait Symphony Phillips ("Phillips"), on the way to a convenience store. The Plaintiff was wearing a tank top that made it clear that she was female.

8. A Chicago Police vehicle pulled up to the Plaintiff and Defendant Caro identified her by her shirt, ordering her to come over to the truck. The Plaintiff began recording her exchange with the Defendant Officers in the truck on her mobile phone. The Plaintiff asked Defendant Caro why he was asking her to come over to the car, to which he again repeated his demand that she come to the car. Defendant Caro then got out of the car, snatched the Plaintiff's phone from her, and tossed it away, at which point the phone's battery came out and the recording stopped.

9. Defendant Garcia was present during this illegal search and seizure, had a reasonable opportunity to prevent it from happening, but refused to do so.

10. Defendant Garcia then pushed the Plaintiff against a nearby gate, handcuffed her, and patted her down, searching her waist and pockets. The Defendant Officers then put the Plaintiff in the car, and Defendant Garcia drove her around for several blocks while Defendant Caro searched the area where the Defendant Officers first approached the Plaintiff, but found

nothing. During this illegal search and seizure, Defendant Caro had a reasonable opportunity to prevent this from happening but failed to do so.

11. Defendant Caro then also patted the Plaintiff down without any lawful justification. During this pat down, Defendant Caro touched the Plaintiff's breasts, knowing she was female. During this illegal search and seizure, Defendant Garcia had a reasonable opportunity to prevent this from happening, but failed to do so.

12. Defendant Garcia then got out to search the area, and Defendant Caro got back into the vehicle. While sitting in the parked car with the Plaintiff, Defendant Caro began making homophobic and lewd remarks to the Plaintiff. This included such comments as telling her that she had "never had a real man in [her] life," that "gay ain't the way to go," that she should find another female for the Plaintiff and Defendant Caro to engage in sexual acts with, that the Plaintiff did not need [homosexuality] in her life, etc.

13. Eventually the Defendant Officers got out of the car to remove the Plaintiff from the car. The Defendant Officers got on either side of the car and each grabbed the Plaintiff by either elbow. Both Defendant Officers were pulling on the Plaintiff's elbows from the outside of the vehicle. Because of the Defendant Officers were pulling on the Plaintiff's elbows while she was still in handcuffs, the handcuffs cut into her left wrist, and thereafter she suffered numbness, and sustained further injury to her left wrist. During this illegal search and seizure, the Defendant Officers had the reasonable opportunity to prevent each other from taking these actions, but they each failed to do so.

15. Eventually, the Defendant Officers took the Plaintiff out of the car. Defendant Caro then put the Plaintiff's phone back into her pocket and removed her handcuffs. After

refusing to provide their identifying information, the Defendant Officers got back into their vehicle and drove away.

16. The Plaintiff immediately went to Rush University Medical Center to receive treatment for her wrist.

### COUNT I – 42 U.S.C. § 1983
### Illegal Search and Seizure/Failure to Intervene
(Plaintiff v. Defendants Caro and Garcia)

17. Each paragraph of this Complaint is restated fully herein.

18. As described above, the Defendant Officers illegally searched and seized the Plaintiff and/or her person items without legal justification and without probable cause and/or each of these offices failed to prevent each other from conducing the illegal searches and seizures described in the complaint.

19. The misconduct undertaken in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

20. As a result of the above-described wrongful infringement of the Plaintiff's rights, she suffered damages including, but not limited to those described above.

### COUNT II – 42 U.S.C. § 1983
### Excessive Force/Failure to Intervene
(Plaintiff v. Defendants Caro and Garcia)

21. Each paragraph of this Complaint is fully restated herein.

22. The acts of Defendant Caro and Defendant Garcia in tugging on the Plaintiff's elbows from opposite sides while she remained in handcuffs violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable seizures and thus violated 42 U.S.C. § 1983.

23. The acts of Defendant Caro and Defendant Garcia in failing to prevent said abuse, despite each having the opportunity and duty to do so, violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable seizures and thus violated 42 U.S.C. § 1983. The misconduct undertaken in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. The aforementioned actions of Defendant Caro and Defendant Garcia were the direct and proximate cause of the violation of the Plaintiff's Fourth Amendment rights and her injuries, including but not limited to the damages described above.

## COUNT III –
## False Imprisonment (Illinois State Law)

(Plaintiff v. Defendant City of Chicago)

25. Each paragraph of this Complaint is fully restated herein.

26. The Plaintiff was handcuffed and placed in a Chicago Police Department vehicle, and thereby had her liberty to move about unlawfully restrained, despite one or more Chicago police officers knowing that there was no probable cause or other legal justification for doing so.

27. In taking these actions, one or more Chicago police officers were acting within the course and scope of their employment, were undertaken intentionally, with malice and reckless indifference to the Plaintiff's rights.

28. As a result of the above-described wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages, including but not limited to the damages described more fully above.

29. The misconduct described in this Count was undertaken by one or more City of Chicago police officers acting within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

## COUNT IV – STATE LAW CLAIM
### Battery
(Plaintiff v. Defendant City of Chicago)

30. Each paragraph of this Complaint is fully restated herein.

31. One or more City of Chicago police officers, knowingly and without legal justification, caused bodily harm to the Plaintiff when one or more City of Chicago police officers tugged on both of her elbows from opposite directions while she was still in handcuffs.

32. As described more fully above, the conduct of one or more City of Chicago police officers, acting within the scope of their employment with Defendant City of Chicago, constituted unjustified, harmful, and offensive physical contact, and proximately caused the Plaintiff's injuries.

33. The misconduct described in this Count was objectively unreasonable and undertaken intentionally, with malice, willfully and wantonly, and/or with reckless or willful indifference to the Plaintiff's rights.

## COUNT V – STATE LAW CLAIM
### Indemnification of Federal Claims

34. Each paragraph of this Complaint is fully restated herein.

35. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

36. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendants described herein who took their actions while under color of law and in the course and scope of their employment with the City of Chicago, and thus Defendant City of Chicago should be liable for any judgment, including attorney's fees and costs, obtained against any City of Chicago police officer, including the Defendant Officers.

**Request for Relief**

The Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers, and grant and other relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**Dated: March 8, 2016**

Respectfully submitted,

By: s/ Richard Dvorak
Richard Dvorak,
An Attorney for the Plaintiff.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com