IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SADE PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 234 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| OFFICER RICHARD C. CARO, | ) | |
| OFFICER BENJAMIN GARCIA, and the | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sade Porter has brought a five count amended complaint against Chicago Police Department Officers Richard Caro and Benjamin Garcia and the City of Chicago. Count I asserts a claim for illegal search and seizure in violation of the Fourth Amendment to the United States Constitution and failure to intervene. Count II is a claim for excessive force, also in violation of the Fourth Amendment, and failure to intervene. Count III is a state law claim for false imprisonment and Count IV is a state law claim for battery. Count V is a claim for indemnification brought against the City. Plaintiff moved for partial summary judgment on her illegal seizure and false imprisonment claims, asking the court to find that defendants are not entitled to qualified immunity for individual liability. Defendants opposed that motion, which the court denied, but failed to file a cross-motion for summary judgment, apparently due to an oversight. Defendants now move for summary judgment on all counts. Because, as discussed below, practically all the material facts in this case are hotly disputed, the court denies defendants' motion, which borders on the frivolous.

# FACTS[1]

This case is notable for the number of disputed material facts and the degree to which those facts vary. The following undisputed facts comprise a brief outline of the case. Additional disputed facts will be discussed, and noted, throughout this opinion. On July 17, 2015, Officer Caro and Officer Garcia ("defendants") were patrolling a two-block area that encompassed the intersection of West Huron Street and North Homan Avenue. Defendants drove an umarked police car. While they were patrolling, defendants noticed plaintiff standing at or near the intersection of West Huron Street and North Homan Avenue. At some point after that, plaintiff walked in the opposite direction of defendants. When plaintiff started walking away from defendants they drove in her direction and attempted to get her attention, but plaintiff ignored them. Defendants eventually made contact with plaintiff, placed her in handcuffs, and detained her in the back of their vehicle while they took turns searching the immediate area for narcotics. None were found. Defendants asked plaintiff for her name and identification, but she refused to comply. After some period of time, defendants informed plaintiff that she was free to go and she did just that.

---

[1] The following facts are, unless otherwise specified, undisputed and taken from the parties' Local Rule 56.1 statements, responses, and attached exhibits. As the court noted in its July 18, 2017, order, in deciding plaintiff's motion for summary judgment the court extensively reviewed the depositions of plaintiff, plaintiff's girlfriend, and the defendant officers. Because the parties present vastly divergent facts of the case, the court has, again, relied heavily on an independent review of the depositions in addition to the L.R. 56.1 statements.

# DISCUSSION

## I. Legal Standard

Summary judgment is appropriate when the moving papers and affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the nonmovant must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the evidence as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Green v. Carlson, 826 F.2d 647, 651 (7th Cir. 1987).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must, however, "do more than simply show that there is some metaphysical doubt about the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient, there must be some evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252. Disputed facts are material when they might affect the outcome of the suit. First Ind. Bank v. Baker, 957 F.2d 506, 507—08 (7th Cir. 1992).

## II. Analysis

### A. Seizure

With respect to the seizure, there are two questions the court must answer. See Pike v. Foster, 2016 WL 537940, *3 (N.D. Ill. Feb. 11, 2016). The first is whether defendants had a reasonable suspicion to stop plaintiff. The second is whether the subsequent seizure, including handcuffing and detaining plaintiff, was reasonable. Id. According to defendants, the answer to both of these inquiries is yes.

"Police officers may conduct a brief investigatory stop of a person when they have reasonable, articulable suspicion that criminal activity is afoot." Id. at *4 (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). Reasonable suspicion is less demanding than probable cause. Id. (citing United States. v. Sokolow, 490 U.S. 1, 7 (1989)). There must be "at least a minimum level of objective justification for making the stop." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). This standard requires more than an "inarticulate hunch." Terry, 392 U.S. at 22. Courts "examine the totality of the circumstances known to the police at the time of the stop, including the experience of the officers and the behavior and characteristics of the suspect." Pike, 2016 WL 537940 at *4 (citing United States. v. Lenoir, 318 F.3d 725, 729 (7th Cir. 2003)). "When determining whether an investigatory stop was unreasonable under the Fourth Amendment, courts examine (a) 'whether the police were aware of specific and articulable facts giving rise to a reasonable suspicion'; and (b) 'whether the degree of the intrusion was reasonably related to the known facts.'" Pike, 2016 WL 5347940 at *3 (quoting United States. v. Tilmon, 19 F.3d 1221, 1224 (7th Cir. 1994); United States. v. Bullock, 632 F.3d 1004, 1012 (7th Cir. 2011)).

Defendants argue that, even viewing the facts in plaintiff's favor, they had a reasonable suspicion that criminal activity was afoot based on the totality of the circumstances surrounding their interactions with plaintiff. The problem with defendants' argument is that it is based on the facts as *they* present them which, despite being described by defendants as undisputed, are in fact hotly contested.

First, defendants contend that they saw plaintiff standing by herself on the corner by a bus stop for several minutes, including after the bus had passed, which defendants found suspicious. Plaintiff, however, does not concede these facts. According to plaintiff, she and her girlfriend briefly went to a friend's house (which was on the corner where defendants observed plaintiff) and left to walk to the store. Plaintiff contends that she was on the sidewalk for only one to two minutes before defendants approached.

Second, defendants claim that their vehicle was easily identifiable as a police car and that plaintiff looked in their direction, then made an arm movement consistent with someone discarding narcotics. Again, plaintiff does not concede these facts. In plaintiff's version of events, she did not realize that defendants were police officers and made no gestures whatever with her arms until defendants, who were driving an unmarked car and were not in uniform, approached her and yelled at her to "come here" without identifying themselves as police officers. At that point, plaintiff claims, she took her cellular phone out of her pocket to record whatever events were about to unfold.[2] Accordingly, plaintiff argues that defendants lacked a reasonable suspicion to conduct an investigatory stop because plaintiff's behavior was not

---

2 There is no video recording of the incident. Plaintiff claims that Defendant Caro immediately threw her phone to the ground, causing the back to come off and the battery to fall out.

indicative of illegal behavior. Plaintiff's presence on the corner is not, in itself, enough to give rise to a reasonable suspicion of criminal activity. Matz v. Klotka, 769 F.3d 517, 523 (7th Cir. 2014). Neither is plaintiff's decision to walk away from defendants when they initially tried to get her attention. Id.

Simply put, the court cannot grant defendants summary judgment when the material facts are so vastly divergent and very much in dispute. Because the court cannot find for defendants as to the first prong of this inquiry, it need not analyze the second. The court notes, however, that the facts surrounding the second prong are even more divergent and far from uncontested. For example, defendants claim that they were forced to handcuff plaintiff only after she behaved belligerently; that "it was *her* behavior that led to Defendant Officers' determination to handcuff her." Doc. 70 at 8 (emphasis supplied). According to plaintiff, however, Defendant Caro ran toward her, threw her phone to the ground, threw her against a gate, handcuffed her, and searched her, "lingering" over her breasts, all the while cursing at her. These facts are clearly material and disputed. Summary judgment is inappropriate.

### B. False Imprisonment, Battery and Excessive Force

Defendants argue that plaintiff was detained for a reasonable amount of time considering the circumstances and that the amount of force they used to "escort" plaintiff out of the police car was reasonable and therefore neither excessive nor "willfull and wanton" as required by the Illinois Battery Statute. See 720 ILCS 5/12-3(a). Again, the facts presented by the parties are at odds and contested. For example, defendants allege that plaintiff refused to leave the vehicle at all, which interfered with defendants' ability to perform their duties, leaving them no choice but to physically "escort" plaintiff out of the vehicle. Plaintiff, on the other hand, claims that

defendants went to opposite sides of the car and simultaneously pulled on her arms in opposite directions despite her telling them that she would get out on her own. Plaintiff alleges that defendants pulled her arms with such force that she required immediate medical attention and her arm was put into a cast at the hospital. Additionally, defendants claim the whole incident lasted approximately ten minutes, while plaintiff claims that it lasted forty-five minutes to an hour. Summary judgment is inappropriate given the disparity of the parties' claims.

### C. Qualified Immunity

Government officials are protected by qualified immunity when they are "'performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Siebert v. Severino, 256 F.3d 648, 654 (7th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A violation is clearly established if: (1) "the violation is so obvious that a reasonable state actor would know that what they are doing violates the Constitution," or (2) "if a closely analogous case establishes that the conduct is unconstitutional." Id. (citing Brokaw v. Mercer County, 235 F.3d 1000, 1022 (7th Cir. 2000)). Defendants argue that they are entitled to qualified immunity. The court disagrees based on the divergent and disputed facts discussed above. Because the facts are in dispute, creating genuine issues of material fact as to what course of action defendants followed, the court finds that defendants are not entitled to qualified immunity.[3]

---

[3] The court, again, notes that the purpose of qualified immunity is to avoid the necessity of conducting the type of discovery and motion practice that has already occurred in this case,

## **CONCLUSION**

For the reasons described above, defendants' motion for summary judgment (Doc. 69) is denied.

**ENTER:    December 7, 2017**

_____
**Robert W. Gettleman
United States District Judge**

---

Donovan v. City of Milwaukee, 17 F.3d 944, 947 (7th Cir. 1994) (internal quotations omitted).